## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| EVERLAKE LIFE INSURANCE COMPANY f/k/a ALLSTATE LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | NO. 3:23-cv-00805 |
| v. | ) ) | |
| MONIQUE LOMAX, GEORGE LOMAX, AMERICAN FUNERAL FINANCIAL, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This interpleader action was initiated by Everlake Life Insurance Company f/k/a Allstate Insurance Company following the death of Janice Lomax. Janice was the insured and owner of a life insurance policy in the amount of $250,000.00. At her death, Janice's daughter Monique Lomax was the designated primary beneficiary and Janice's husband George was the secondary beneficiary. When George asserted that Monique forged Janice's signature on the change of beneficiary designation, Everlake paid the life insurance proceeds into the registry of the Court.

Two motions are pending before the Court, and both will be **GRANTED.** The first filed motion is George's motion for partial summary judgment for payment to him of $202,633.54, as a matter of law because he is the rightful beneficiary. (Doc. No. 43). The second motion is the motion for disbursement of registry funds by American Funeral Financial, LLC, based upon Monique's and George's assignment to it for advancing immediate funding for Janice's funeral and burial goods and services. (Doc. No. 44). American Funeral Financial seeks payment of

1

$34,933.35 for burial goods and services and attorneys' fees and costs.  All interested parties have made an appearance through counsel except Monique who is proceeding pro se.  (Doc. No. 34).

With respect to American Funeral Financial, LLC's motion for payment of $34,933.35, all parties have verbally consented, (Doc. No. 44-1 at paragraph 8) but Monique has not consented in writing.  Id., at paragraph 10-14.  All parties joined in a status report to the Court that all agree to the disbursement to American Funeral Financial, LLC.  (Doc. No. 42).  The Court finds that disbursement to American Funeral Financial, LLC's in the amount of $34,933.35 is appropriate and its motion is **GRANTED.**

Turning to George's motion for partial summary judgment.  Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case. Id.  In deciding a motion for summary judgment, the Court must review all the evidence, facts, and inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Where, as here, no party has filed any opposition, the Court may consider the facts undisputed.  Fed. R. Civ. P. 56(e)(2); L.R. 56.01(f).  Nevertheless, Sixth Circuit law is clear that even when there is no opposition, the Court must determine if the motion should be granted under law.  Stough v. Mayville Cmty. Sch., 138 F.3d 612, 614 (6th Cir. 1998)

2

George has presented admissible evidence that after Janice and George named each other as primary beneficiaries of their respective life insurance policies, unbeknownst to them, their daughter forged their names to make her the primary beneficiary on both policies. (Doc. No. 43-3 at 7). Further, Everlake conducted an investigation and determined that the signatures on the change of beneficiary designation were not authentic. (Doc. No. 43-14 at 9 ("The signatures in question were authored by a different person or persons other than the persons who signed the known Janice Lomax and George Lomax signatures. The questioned signatures cannot be considered or relied upon as authentic")). During discovery George sent requests for admission of facts to Monique that would establish that the beneficiary change to Monique was not signed by Janice or George. (Doc. No. 43-15). Specifically, the request for admission asked Monique the following:

REQUEST FOR ADMISSION NUMBER 1:

Please admit that Janice Lomax did not sign the beneficiary change form dated March 12, 2020, attached hereto as Exhibit A.

REQUEST FOR ADMISSION NUMBER 2:

Please admit that you signed Janice Lomax' name on the beneficiary change form dated March 12, 2020, attached hereto as Exhibit A.

REQUEST FOR ADMISSION NUMBER 3:

Please admit that George Lomax did not sign the beneficiary change form dated March 12, 2020, attached hereto as Exhibit B.

REQUEST FOR ADMISSION NUMBER 4:

Please admit that you signed George Lomax' name on the beneficiary change form dated March 12, 2020, attached hereto as Exhibit B.

3

REQUEST FOR ADMISSION NUMBER 5:

Please admit that you did not have a power of attorney designating you as Janice Lomax'

agent on March 12, 2020.

REQUEST FOR ADMISSION NUMBER 6:

Please admit that you did not have a power of attorney designating you as George Lomax'

agent on March 12, 2020.

After the Requests for Admission were served on Monique, she did not respond.  Under Federal

Rule of Civil Procedure 36(a)(3) and (b) a parties failure to respond is deemed an admission which

"conclusively" establishes the facts.  Gootee v. Colt Industries, Inc., 712 F.2d 1057, 1069 n. 6 (6th

Cir. 1983) (Failure to respond to requests for admission is an admission as to all matters.

Defendant is correct that California law applies here because federal courts sitting in

diversity must apply the choice -of-law rules of the forum state.  See Klaxon Co. v. Stentor Electric

Mfg. Co., 313 U.S. 487, 496, (1941).  Under the choice of law rules of Tennessee, the law of the

state where the contract is made governs interpretation of the contract.  See Anderson v.

Amazon.com, Inc., 490 F.Supp.3d 1265, 1272 (M.D. Tenn. 2020) (citing Williams v. Smith, 465

S.W.3d 150, 154 (Tenn. Ct. App. 2014).  The contract was signed in California so California law

applies.

Under California law, forgery is "'a false making of a writing'" that "'falsely purports to

be the writing of another,'" Wutzke v. Bill Reid Painting Service, Inc., (1984) 151 Cal.App.3d 36,

41–42 (1984), and forgery constitutes fraud in the execution.  Navarrete v. Nano Filter, 2022 Cal.

Super. LEXIS 23549 (Mar. 25, 2022).  Fraud "goes to the inception or execution of the agreement,

so that the promisor is deceived as to the nature of his act, and actually does not know what he is

4

signing, or does not intend to enter into a contract at all, mutual assent is lacking, and [the contract] is void." Id. (quoting Rosenthal v. Great Western Fin. Securities Corp., (1996) 14 Cal.4th 394, 415. Forgery occurs when there is "(1) intent to defraud, (2) making a false instrument by signing another's name without authority or the name of a fictitious person, or knowingly uttering same, and (3) the instrument on its face be capable of defrauding someone who might act upon it as genuine or the person in whose name it is forged." Wutzke, 151 Cal.App.3d at 41 (citing Generes v. Justice Court 106 Cal.App.3d 678, 682 (1980).

The Court finds that the record is sufficient to show that Monique committed forgery. It is undisputed that neither George nor Janice signed the March 12, 2020, beneficiary change request form. Monique forged her parents name to change the beneficiary to herself. The beneficiary form on its face was capable of defrauding Everlake into paying Monique the proceeds. The Court finds that the beneficiary forms signed by Monique making her the beneficiary of Janice is void. George's motion for partial summary judgment is **GRANTED.**

Accordingly, the Clerk shall disburse funds held in the Court's registry in the amount of $242,730.96, which includes accrued interest, as follows:

1.  American Funeral Financial LLC: $35,692.47, plus any additional interest accrued;

2.  George Lomax: $207,038.49, plus any additional interest accrued.

The parties shall contact the Clerk's office to provide mailing information for disbursement.

This is a final order. The Clerk shall close this file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

5